NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROKU, INC.,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**UNIVERSAL ELECTRONICS, INC., GEMSTAR TECHNOLOGY (QINZHOU) CO. LTD., GEMSTAR TECHNOLOGY (YANGZHOU) CO. LTD., C.G. DEVELOPMENT LTD., UNIVERSAL ELECTRONICS BV, CG MEXICO REMOTE CONTROLS, S. DE R.L. DE C.V., CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING LLC, SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, ALTICE USA, INC., CABLEVISION SYSTEMS CORPORATION, CEQUEL COMMUNICATIONS, LLC, WIDEOPENWEST, INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., LG ELECTRONICS INC., LG ELECTRONICS USA, INC.,**
*Intervenors*

---

2023-1317

---

Appeal from the United States International Trade Commission in Investigation No. 337-TA-1263.

————————————

Decided: June 17, 2025

————————————

JONATHAN DANIEL BAKER, Dickinson Wright RLLP, Mountain View, CA, argued for appellant. Also represented by DINO HADZIBEGOVIC, MARK HOWARD ROGGE; STEVEN R. DANIELS, MICHAEL DAVID SAUNDERS, Austin, TX; CRAIG Y. ALLISON, Nashville, TN.

BENJAMIN S. RICHARDS, Office of the General Counsel, United States International Trade Commission, Washington, DC, argued for appellee. Also represented by MICHELLE W. KLANCNIK, MICHAEL LIBERMAN, HOUDA MORAD, SIDNEY A. ROSENZWEIG.

THOMAS WILLIAM DAVISON, Alston & Bird LLP, Washington, DC, argued for intervenors Altice USA, Inc., Cablevision Systems Corporation, Cequel Communications, LLC, C.G. Development Ltd., CG Mexico Remote Controls, S. de R.L. de C.V., Charter Communications, Inc., Charter Communications Operating LLC, Gemstar Technology (Qinzhou) Co. Ltd., Gemstar Technology (Yangzhou) Co. Ltd., Spectrum Management Holding Company, LLC, Universal Electronics BV, Universal Electronics, Inc., and WideOpenWest, Inc. Also represented by ADAM SWAIN; KIRK T. BRADLEY, STEPHEN LAREAU, NICHOLAS CHRISTOPHER MARAIS, MATTHEW S. STEVENS, Charlotte, NC; HOLLY HAWKINS SAPORITO, NICHOLAS TANG TSUI, Atlanta, GA.

ANDREW RYAN SOMMER, Greenberg Traurig LLP, McLean, VA, for intervenors Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. Also represented by RICHARD EDLIN, New York, NY.

CYRUS FRELINGHUYSEN, Greenberg Traurig LLP, Washington, DC, for intervenors Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., LG Electronics Inc., LG Electronics USA, Inc.  LG Electronics Inc., LG Electronics USA, Inc.  Also represented by   JAMES J. LUKAS, JR., CALLIE SAND, Chicago, IL.

---

Before LOURIE, DYK, and CUNNINGHAM, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Roku, Inc. appeals from the determination of the International Trade Commission (the "ITC") that respondents Universal Electronics, Inc., Gemstar Technology (Qinzhou) Co. Ltd., Gemstar Technology (Yangzhou) Co. Ltd., C.G. Development Ltd., Universal Electronics BV, UEI Brasil Controles Remotos Ltda., CG México Remote Controls, S. de R.L de C.V., LG Electronics Inc., LG Electronics USA, Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Charter Communications, Inc., Charter Communications Operating, LLC, Spectrum Management Holding Company, LLC, Altice USA, Inc., Cablevision Systems Corp., Cequel Communications, LLC d/b/a Suddenlink Communications, and WideOpenWest, Inc. did not violate 19 U.S.C. § 1337 ("section 337") by importing certain televisions, remote controls, and components thereof. *See generally Certain Televisions, Remote Controls, & Components Thereof*, Inv. No. 337-TA-1263, 2022 WL 16634058 (October 28, 2022).

Relevant here, the ITC determined that asserted claims 1–5, 8–10, and 14 of Roku's U.S. Patent 8,378,875 ("the '875 patent") are invalid and that Roku failed to establish the technical prong of the domestic industry requirement of section 337(a)(3)(B) for that patent.  The ITC also concluded that asserted claim 5 of Roku's U.S. Patent No. 7,388,511 ("the '511 patent") is invalid as indefinite.

## A.  The '875 Patent

Roku challenges the ITC's determinations that asserted claim 10 of the '875 patent is invalid and that it failed to satisfy the domestic industry requirement. At oral argument, counsel for Roku acknowledged that if we affirm the final written decision of the U.S. Patent Trial and Appeal Board ("the Board") with respect to claim 10 in co-pending *Roku, Inc. v. Universal Electronics, Inc.*, No. 24-1188, argued the same day as this case, then this appeal would be moot. *See* Oral Arg. at 2:35–2:43, *available at* https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-1317_05082025.mp3. We have today affirmed the Board's decision with respect to that claim. *See Roku, Inc. v. Universal Electronics, Inc.*, No. 24-1188, slip op. 10–11, 13, — F. App'x —, — (Fed. Cir. June 17, 2025). This appeal is therefore moot as to the '875 patent.

## B.  The '511 Patent

The '511 patent expired during the pendency of this appeal. The ITC has a limited statutory mandate and can only issue prospective relief. *INVT SPE LLC v. ITC*, 46 F.4th 1361, 1369 (Fed. Cir. 2022); *see also Tex. Instruments Inc. v. ITC*, 851 F.2d 342, 344 (Fed. Cir. 1988) ("The ITC can issue only an exclusion order barring *future* importation or a cease and desist order barring *future* conduct. If the violation of section 337 involves patent infringement, neither of the above remedies is applicable once the patent expires."). Roku and the ITC therefore agree that the expiration of the '511 patent has rendered this appeal as to that patent moot also. Roku Br. 63; ITC Br. 60–61.

Certain Intervenors nevertheless argue that the appeal is not moot because of pending district-court litigation involving the same parties and the same patent. Intervenors Br. 56–60. We rejected those precise arguments in *INVT*. We further find unpersuasive Intervenors' arguments that mootness is avoided by the fact that the invalidity of claim 5, based on indefiniteness, is a purely legal issue.

Accordingly, because the portion of this appeal relating to the '511 patent was mooted due to the intervening happenstance of the patent's expiration, we vacate the ITC's decision as to that patent and remand with instructions to dismiss as moot the relevant portions of the complaint. *INVT*, 46 F.4th at 1370 (collecting cases); *see also Hyosung TNS Inc. v. ITC*, 926 F.3d 1353, 1359 (Fed. Cir. 2019) ("[W]here an appeal from the ITC has become moot based on expiration of a patent during pendency of appeal, such 'happenstance' has been recognized as supporting vacatur of the underlying decision." (citations omitted)).

## CONCLUSION

For the foregoing reasons, we dismiss as moot Roku's appeal with respect to the '875 patent, we vacate the ITC's decision with respect to the '511 patent, and we remand with instructions to dismiss as moot the portion of the complaint relating to the '511 patent.

## DISMISSED-IN-PART, VACATED-IN-PART, AND REMANDED

### COSTS

The parties shall bear their own costs.